UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Federated Mutual Insurance Company,

        Plaintiff,

    v.

Con-Way Freight, Inc.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 15-450 ADM/BRT

___

Anthony J. Kane, Esq., Terhaar, Archibald, Pfefferle & Griebel, LLP, Minneapolis, MN, on behalf of Plaintiff.

Robyn K. Johnson, Esq., Cousineau McGuire Chartered, Minneapolis, MN, on behalf of Defendant.

___

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Con-Way Freight, Inc.'s ("Con-Way") Motion to Vacate Arbitration Award [Docket No. 5] and Plaintiff Federated Mutual Insurance Company's ("Federated") Motion to Remand [Docket No. 11].  For the reasons set forth below, Con-Way's motion is granted and Federated's motion is denied.

## II.  BACKGROUND

The facts of this dispute are straightforward.  On February 7, 2013, Con-Way picked up cargo in Laredo, Texas for delivery to Wanamingo, Minnesota.  Notice of Removal [Docket No. 1] ¶ 4.  The cargo was insured by Federated.  Id.  Sometime during transit, the cargo was damaged.  As a result of the damage, Federated paid its insured $32,405.28 for the damaged cargo.  Id. Attach. 4.

Con-Way and Federated are members of Arbitration Forums, Inc. ("Arbitration

Forums"). Kane Aff. [Docket No. 14] Ex. C. Federated contends, and Con-Way does not dispute, that membership to Arbitration Forums requires agreeing to a Property Subrogation Arbitration Agreement (the "Agreement"). Id. Ex. B. Pursuant to the Agreement, signatory companies agree to "forego litigation and submit any personal, commercial, or self-insured property subrogation claims to Arbitration Forums." Id.

Federated commenced an Arbitration Forums proceeding against Con-Way on February 5, 2014, seeking to recover the $32,405.28 Federated paid to the insured. Con-Way did not participate in the arbitration proceeding. On April 16, 2014, the Arbitration Forums arbitrator determined that Con-Way failed to adequately care and protect the cargo. As a result of Con-Way's negligence and breach of contract as bailee of the cargo, the arbitrator determined that Federated was entitled to recover the full $32,405.28 from Con-Way. Notice of Removal Attach. 4.

Federated was unable to collect the arbitration award directly from Con-Way. On January 26, 2015, Federated brought a motion in Steele County District Court to confirm the arbitration award. Notice of Removal Attach. 3. Con-Way filed its Notice of Removal on February 5, 2015, arguing that federal jurisdiction was proper under 28 U.S.C. § 1331 because Federated's claims are governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

Shortly after removal, Con-Way filed the instant Motion to Vacate. Con-Way argues that the Arbitration Forums arbitrator lacked jurisdiction because Federated's claims are preempted by the Carmack Amendment. Federated disagrees and argues that the arbitrator acted with authority and that remand is appropriate because Con-Way expressly waived its rights under the

Carmack Amendment.

### III. DISCUSSION

Both parties agree that the Carmack Amendment provides the exclusive remedy for cargo damage claims. Additionally, it is undisputed that commercial carriers can waive their rights under the Carmack Amendment. The parties disagree, however, on whether Con-Way has expressly waived its rights under the Carmack Amendment.

**A. Carmack Amendment Waiver**

Federated argues that Con-Way expressly waived its rights under the Carmack Amendment by agreeing to submit property subrogation claims to the jurisdiction of Arbitration Forums. Federated argues that Con-Way's waiver strips this Court of subject matter jurisdiction and therefore remand is appropriate. Con-Way argues its membership to Arbitration Forums and its acceptance to the terms of the Agreement do not satisfy the waiver requirements set forth in the Carmack Amendment. Since it did not expressly waive federal jurisdiction in writing, Con-Way argues that the Carmack Amendment provides the exclusive remedy for Federated's claims and jurisdiction here is therefore proper.

Courts have routinely found that the Carmack Amendment preempts state law if the cause of action involves loss or damage to goods caused by the interstate shipment of those goods by a common carrier. Midamerican Energy Co. v. Start Enters., Inc., 437 F. Supp. 2d 969, 971-72 (S.D. Iowa 2006) (citing Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913)); Fulton v. Chi., Rock Island & P.R. Co., 481 F.2d 326, 331-32 (8th Cir. 1973). "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." Hall v. North Am. Van Lines, Inc., 476

F.3d 683, 688 (9th Cir. 2007).  However, it is also well settled that all rights and remedies under the Carmack Amendment can be waived if certain conditions are met.  The Carmack Amendment states:

> If the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies.

49 U.S.C. § 14101(b)(1).

Con-Way did not expressly waive its rights under the Carmack Amendment.  Con-Way's membership to Arbitration Forums and its acceptance that it "must forego litigation and submit any personal, commercial or self-insured property subrogation claims to Arbitration Forums" does not act to expressly waive application of the Carmack Amendment for Federated's claims.  The statute states that the express, written waiver must be between the shipper and carrier.  Federated has provided no evidence showing any written agreement between Con-Way and the shipper limiting its rights under the Carmack Amendment.  The terms of the Agreement with Arbitration Forums cannot be construed against Con-Way to be a written agreement between the shipper and carrier that satisfies Section 14101(b)(1).  To the contrary, it is an agreement between Con-Way and Arbitration Forums.  While Federated is also a member of Arbitration Forums, its membership does not change the outcome because Federated is not the shipper.  Rather, it is an insurance company that provided insurance coverage to Knobelsdorff Electric, Inc., the party that purchased the cargo in Texas and arranged for its transportation to Minnesota.  As noted by Con-Way, the only writing between the shipper and carrier is the bill of landing, which lacks any language expressing a waiver of federal jurisdiction.

As explicitly stated in the statute, a Carmack Amendment waiver must be in writing between the shipper and carrier.  This explicit statutory requirement has been referenced by courts construing the application of purported waivers.  See <u>Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc.</u>, 2014 WL 2526914, at *3 (S.D. Tex. June 4, 2014) ("[T]he Court is constrained to apply the statute as written, and the contract "expressly waiving" the Carmack Amendment therefore must be in a writing between the 'shipper and carrier.'"); <u>Custom Cartage, Inc. v. Motorola, Inc.</u>, No. 98-5182, 1999 WL 965686, at *12 (N.D. Ill. Jan. Oct. 15, 1999) (written waiver between parties needed to preclude application of Carmack Amendment); <u>Midamerican Energy Co.</u>, 437 F. Supp. 2d at 972-73 (citing cases).  Since no such writing has been presented, no such waiver has occurred.

**B.  Arbitration Award**

As mentioned above, both parties agree that the Carmack Amendment provides the exclusive remedy for cargo damage claims.  Federated's claims sound in negligence and breach of contract for Con-Way's alleged failure to properly transport the cargo from Texas to Minnesota.  As such, these claims are squarely within the province of the Carmack Amendment and the Arbitration Forums arbitrator lacked authority to bind Con-Way to the proceedings.  See <u>Dress Barn, Inc. v. LTA Grp., Inc.</u>, 822 F. Supp. 88, 89 (D. Conn. 1993) (citing cases that hold the Carmack Amendment provides the exclusive remedy for Federated's claims against Con-Way).  Therefore, the arbitration award will be vacated.

**C.  Hearing with Magistrate Judge**

Federated has also filed a Complaint in this District, Case No. 15-1517 ADM/BRT, asserting Con-Way's liability under the Carmack Amendment for the same events giving rise to

this action.  The parties are directed to schedule a hearing with Magistrate Judge Thorson to determine how the two cases, Nos. 15-450 and 15-1517, shall proceed.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Con-Way Freight, Inc's Motion to Vacate Arbitration Award [Docket No. 5] is **GRANTED** and Plaintiff Federated Mutual Insurance Company's Motion to Remand [Docket No. 11] is **DENIED**.

                                                    BY THE COURT:


                                                    　　　s/Ann D. Montgomery　　　
                                                    ANN D. MONTGOMERY
                                                    U.S. DISTRICT JUDGE

Dated:  May 11, 2015.